# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY, JASMINE JOHANESEN,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 25-cv-0310-BAS-MMP<br><br>**ORDER DENYING REQUEST FOR** *EX PARTE* **TEMPORARY RESTRAINING ORDER**<br><br>**(ECF No. 4)** |

　　　Before the Court is pro se Plaintiffs' Marian Anthony ("Anthony") and Jasmine Johanesen's ("Johanesen") (collectively, "Plaintiffs") *Ex Parte* Request for a Temporary Restraining Order ("TRO"). (Request, ECF No. 4.) Having carefully considered Plaintiffs' Request and the applicable law, the Court **DENIES** Plaintiff's TRO Request.

　　　For a court to grant a TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. For a TRO to be granted *ex parte*, or without notice to the opposing party, the burden is even higher and

1   "courts have recognized very few circumstances justifying the issuance of an *ex parte*
2   TRO." *Reno Air Racing Ass'n. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

3   Here, Plaintiffs request the TRO to "prohibit[] [the San Diego Sheriff's Department
4   from committing] further harassment, obstruction from filing any legal documents at any
5   court, or clerk of court, prohibiting any searches, seizures, and wrongful arrests of the
6   Plaintiff for a period of 5 years or until this matter is resolved by a Jury trail" (Request at
7   8.)

8   Plaintiffs' Request does not fulfill *Winter*'s requirements. For instance, Plaintiffs
9   allege "[t]here is substantial evidence of ongoing harassment and unlawful actions by the
10  Sheriff's Department that is overwhelming and extraordinary malicious in these above
11  instances" and that this shows "a pattern and high-potential of continued abuse without
12  strong medicine from this court being applied to arrest the misconduct," Plaintiffs offer no
13  facts showing harassment or unlawful actions that are ongoing or even recent. (*Id.* at 7–8.)
14  Rather, Plaintiffs broadly assert that on February 3, 2025, one of the plaintiffs was "stalked,
15  harassed, and terrorized by San Diego Sheriff's Department Deputies" when attempting to
16  file a "Brady Motion" in state court. (*Id.* at 5–6.) In support of these bare allegations,
17  Plaintiffs assert that an incident report was generated regarding the interaction, and
18  Plaintiffs cite to an "Exhibit J," but no such "Exhibit J" is attached to either the TRO
19  Request or the Complaint. (*See generally* ECF Nos. 1, 4.) Plaintiffs similarly do not support
20  the bare allegations that in January 2025 the San Diego Sheriff's Department was
21  "identified by conclusive digital security and confirmation by 'confirmation' by Internal
22  Affairs" as harassing, stalking, and profiling "the Plaintiff" (again, it is unclear to which
23  plaintiff this statement refers). (Request at 5.)

24  Additionally, Plaintiffs do not provide a reason for why this Court should grant a
25  TRO against the County of San Diego without due notice to appear and defend against this

action and Plaintiffs' allegations. Without strong support for the "extraordinary remedy" of a TRO, the Court cannot grant it, and the request is hereby **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 4, 2025**

*[signature: Cynthia Bashant]*

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**