# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY, JASMINE JOHANESEN,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>        Defendants. | Case No. 25-cv-0310-BAS-MMP<br><br>**ORDER:**<br>1. **GRANTING PLAINTIFF ANTHONY'S MOTION FOR CLARIFICATION (ECF No. 17),**<br>2. **DENYING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT (ECF No. 22), AND**<br>3. **DENYING PLAINTIFF'S MOTION TO DENY QUALIFIED IMMUNITY, GRANT EARLY DISCOVERY, AND FOR A PRELIMINARY INJUNCTION (ECF No. 25)** |

  The case was removed to federal court not even three months ago and yet the Court is already twenty-five docket entries deep on this case. Since removal of this case, Plaintiff Marian Anthony ("Plaintiff Anthony" or "Mr. Anthony") has flooded the docket with a barrage of motions.[1] This Order addresses the latest three—two of them filed on Mr.

---

[1] The Court notes that Mr. Anthony has captioned several of his filings as "Plaintiffs'" filings. (*See, e.g.*, ECF No. 25 (captioned as "Plaintiffs' Motion to Deny Qualified Immunity," but signed only by Mr. Anthony and not Plaintiff Johanesen).) While Mr. Anthony's right to represent himself is

Anthony's behalf alone (ECF Nos. 17, 25), and one filed with Plaintiff Johanesen (ECF No. 22).

### I. Plaintiff's Motion for Clarification (ECF No. 17)

Plaintiff Anthony filed a Motion for Clarification seeking clarification of two of this Court's discrepancy orders. The Court noted in these two discrepancy orders issued in March, striking two of Plaintiff's motions from the docket, that Plaintiff's motions did not comply with "Civ. L. Rule 5.1: Missing time and date on motion." (*See* ECF Nos. 15, 16.) Plaintiff Anthony claims this notation lacks sufficient particularity. Mr. Anthony also appears to believe this was a citation to the Federal Rules of Civil Procedure. (*See* ECF No. 17 at 3–4.)

Mr. Anthony misunderstands the citation. "Civ. L. Rule" does not refer to the Federal Rules of Civil Procedure. Instead, it indicates a citation to a rule from the Local Rules of Practice for the United States District Court for the Southern District of California and may also be cited as "CivLR."[2] In this case, Civil Local Rule 5.1(j)(4) requires parties to include the date and time of hearing. A motion requires a hearing date because the hearing date sets the briefing schedule for the other side to respond—hearing from both sides is a fundamental aspect of administering justice. No motion filed by either or both Plaintiffs to this point has complied with this rule. Further, when the Court issues a discrepancy order and strikes noncompliant filings from the docket, the filing parties are welcome to re-file the stricken documents after correcting the noted deficiencies. Courts generally grant latitude to pro se parties, but that principle neither waives the rules for these self-represented parties nor the parties' responsibility to familiarize themselves with the relevant rules and adhere to them.

---

guaranteed by statute, he may not also represent Plaintiff Johanesen because any non-attorney "has no authority to appear as an attorney for others than himself." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Because Plaintiff Johanesen did not sign either the Motion for Clarification (ECF No. 17) or the Motion to Deny Qualified Immunity (ECF No. 25), the Court construes these Motions as filed only on Mr. Anthony's behalf.

[2] A copy of these rules may be found on the United States District Court, Southern District of California, website at: https://www.casd.uscourts.gov/rules/local-rules.aspx.

In addition to complying with the Local Rules of Practice, Plaintiffs must comply with each of the assigned judges' Standing Orders for Civil Cases in their filings.[3] In this Court's Standing Order, for instance, Section 4 lists specific rules regarding motions practice before this Court. Honorable Cynthia Bashant, Chief Judge, United States District Court, Standing Order for Civil Cases. In Section 4, Plaintiffs may find guidance on determining a hearing date and how to caption a motion, for instance. *Id.*

Further, although Plaintiffs do not have permission to electronically file, they should be familiar with the Electronic Case Filing Administrative Policies & Procedures Manual ("the Manual"), also available on the district's website.

## II.    Plaintiffs' Renewed Motion for Summary Judgment (ECF No. 22)

After this Court denied Plaintiff Anthony's Motion for Summary Judgment (ECF No. 20) on the grounds that a Motion for Summary Judgment was premature because Defendants had yet to file an Answer to Plaintiffs' Complaint, Plaintiffs waited six days and then renewed their Motion for Summary Judgment (ECF No. 22), this time with Plaintiff Johanesen joining the Motion. In the intervening six days, and to this date, Defendants have yet to file an Answer to the Complaint and therefore the posture of the case remains the **same** as when this Court first denied Mr. Anthony's Motion for Summary Judgment. Accordingly, **again**, Plaintiffs' Motion for Summary Judgment is **DENIED** without prejudice. (ECF No. 22.) It is **premature** for the Court to issue a decision on a summary judgment motion at this point in the case and it will likely remain **premature** until Defendants have filed an Answer, which will not be required unless and until the Complaint survives Defendants' Motion to Dismiss.

---

[3] Plaintiffs are responsible for tracking down and familiarizing themselves with the Standing Order of each judge assigned to their case. The Standing Order for each judge in the Southern District of California may also be found on the website for this District.

### III. Plaintiff Anthony's Motion to Deny Qualified Immunity, Grant Early Discovery, and for a Preliminary Injunction (ECF No. 25)

Plaintiff Anthony's most recent motion combines requests for this Court to proactively deny qualified immunity, grant early discovery, and issue a preliminary injunction with economic relief. (ECF No. 25.)

First, a Motion for Early Discovery is not properly before this Court. Such a motion should be submitted to the assigned magistrate judge in accordance with the magistrate judge's own Standing Order. CivLR 72.1(b); 28 U.S.C. § 636(b)(1)(A). Accordingly, Plaintiff Anthony's Motion as it pertains to early discovery is **DENIED** without prejudice for re-filing the motion before the magistrate judge.

Within this most recent combined Motion, Mr. Anthony moves the Court to deny Defendants' qualified immunity. (ECF No. 25.) Whether any Defendant has qualified immunity is already at issue in Defendants' pending Motion to Dismiss. (*See* ECF No. 10-1.) Accordingly, the Court finds that Plaintiffs' Motion as to qualified immunity is redundant with arguments already before the Court and the Motion as to this issue is **DENIED AS IMPROPER** as it pertains to qualified immunity.

Last, the combined Motion requests a "Preliminary Injunction with Economic Relief." (ECF No. 25.) For a court to grant a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Plaintiff Anthony requests an order that the County of San Diego (1) reinstate Plaintiff Anthony's real estate broker's license, (2) "remove liens on his assets and bank account restrictions[,]" (3) return "all seized firearms and confiscated property[,]" and (4) "cease prosecution and harassment related to the PSA or baseless charges within the lower state trial courts." (ECF No. 25 at 14.) However, Plaintiff Anthony offers virtually no showing probative of any of the *Winter* factors. Given that mandatory injunctions like

the one requested here are "particularly disfavored," *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (quotation marks omitted), the extraordinary relief requested is not warranted.

Plaintiff Anthony also seeks "preliminary compensation" from Defendants in the form of various amounts of money equaling over $10 million. (ECF No. 25 at 14.) In so doing, Mr. Anthony misapprehends what a preliminary injunction is—an order for a party to act or refrain from acting. It is not an opportunity for monetary relief before a case has been fully adjudicated on its merits.

Accordingly, Plaintiff Anthony's request for a preliminary injunction is **DENIED**.

## IV. Conclusion

The Court hereby **ORDERS** as follows:

1. Plaintiff Anthony's Motion for Clarification is **GRANTED**. (ECF No. 17.)
2. Plaintiffs' Renewed Motion for Summary Judgment is **DENIED**. (ECF No. 22.)
3. Plaintiff Anthony's Motion to Deny Qualified Immunity, Grant Early Discovery, and Issue a Preliminary Injunction is **DENIED**. (ECF No. 25.)

**IT IS SO ORDERED.**

**DATED: May 12, 2025**

*[signature]*

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**