UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN ANTHONY, JASMINE JOHANESEN,<br><br>          Plaintiffs,<br><br> v.<br><br>COUNTY OF SAN DIEGO, *et al.*,<br><br>          Defendants. | Case No.: 25-cv-00310-DMS-MMP<br><br>**ORDER:**<br><br>**(1) DENYING REQUEST FOR STATUS CONFERENCE [ECF No. 29];**<br><br>**(2) DENYING MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT [ECF No. 29];**<br><br>**(3) DENYING MOTION TO COMPEL DEFENDANTS' RESPONSE and MOTION FOR SANCTIONS [ECF No. 30];**<br><br>**(4) DENYING MOTION FOR RECUSAL OR DISQUALIFICATION [ECF No. 31];**<br><br>**(5) DENYING PETITION FOR WRIT OF MANDAMUS [ECF No. 32]; and** |

Case 3:25-cv-00310-DMS-MMP   Document 44   Filed 12/03/25   PageID.854   Page 2 of 5



**(6) DENYING MOTION TO REFER MATTER TO DISTRICT ATTORNEY'S OFFICE AND DEPARTMENT OF JUSTICE [ECF No. 33]**

Before the Court are several motions filed by Pro Se Plaintiffs Marian Anthony and Jasmine Johanesen. The present Order addresses four of the pending motions, (ECF Nos. 29, 31–33), with the other motions to be addressed in separate orders.[1]

Before addressing the merits of each motion, the Court first acknowledges that Plaintiffs' motions are missing a hearing date and time. The Southern District of California's Civil Local Rule 5.1(i)(4) requires the date and time of a hearing on the cover page of each motion. S.D. Cal. Civ. R. 5.1(i)(4). A motion requires a hearing date because the hearing date sets the briefing schedule for a response to and reply in support of any given motion. The undersigned judge requires parties to obtain a hearing date by calling the Law Clerk—otherwise a "hearing date will not be reserved." Civil Pretrial & Trial Procedures of Judge Dana M. Sabraw, rule 6(B). Plaintiffs have already been instructed to comply on this same issue. (*See* ECF No. 26, at 2–3). Continued failure to comply may result in a denial of Plaintiffs' motions without reaching the merits.

### I.  REQUEST FOR STATUS CONFERENCE [ECF No. 29]

Plaintiffs request a status conference or case management conference due to "inaction," but state no legal basis for this request. (ECF No. 29, at 1). Further, the Court finds that a status conference is unnecessary at this juncture. Plaintiffs' request is therefore **DENIED**.

///

///

---

[1] Often times, Plaintiffs include several requests within one motion. For example, Plaintiffs' motion for status conference or case management conference includes a motion for entry of default and default judgement. The Court **ORDERS** the parties to limit each filing to one motion.


25-cv-00310-DMS-MMP

## II.    MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT [ECF No. 29]

Plaintiffs also move for entry of default under Federal Rule of Civil Procedure 55(a) and default judgment under Federal Rule of Civil Procedure 55(b). (*Id.* at 2). Plaintiffs argue that entry of default and default judgment are warranted because "Defendants have failed to file a formal answer to the complaint after their motion to dismiss." (*Id.*). Defendant the County of San Diego ("County") timely filed a motion to dismiss. (*See* ECF No. 10). Thus, the County was not required to file an answer. *Farmer v. Las Vegas Metro. Police Dep't*, 423 F. Supp. 3d 1008, 1016 (D. Nev. 2019). In addition, according to the County, the individual defendants have not been served, (ECF No. 10-1, at 10 n.2), which means the individual defendants are not yet required to answer. Fed. R. Civ. P. 12(a)(1)(A). Further, this Court dismissed the original Complaint in its entirety, with leave to amend; thus, there is no operative Complaint for the Defendants to answer. (*See* ECF No. 34). As such, Plaintiffs' motion for entry of default and for default judgment is **DENIED**.

## III.    MOTION TO COMPEL DEFENDANTS' RESPONSE and MOTION FOR SANCTIONS [ECF No. 30]

Plaintiffs move to compel Defendants' response, "as Defendants have failed to answer the complaint." (ECF No. 30, at 1–2). Plaintiffs also request sanctions for this delay. (*Id.* at 2). For the reasons stated above, *see supra* Section II, the Court **DENIES** Plaintiffs' motion to compel and motion for sanctions.

## IV.    MOTION FOR RECUSAL OR DISQUALIFICATION [ECF No. 31]

This case came before the Court after being transferred to the undersigned judge on July 2, 2025. (ECF No. 27). On September 17, 2025, Plaintiffs moved for the recusal of the previously assigned judge, Chief Judge Bashant. (ECF No. 31). Because this case is

now before the undersigned judge, the Court **DENIES** Plaintiffs' motion for recusal or disqualification as moot.[2]

## V. PETITION FOR WRIT OF MANDAMUS [ECF No. 32]

Plaintiffs also filed a petition for writ of mandamus, to "compel the granting on pending motions."[3] Plaintiffs argue that the "District Court's inaction since July 9, 2025, on Plaintiffs' amended motion constitutes [abandonment]." (ECF No. 32, at 2). This action came before the Court after being transferred to the undersigned judge on July 2, 2025. (ECF No. 27). Since, this Court ruled on Plaintiffs' July 9, 2025 motion, (ECF No. 28). (*See* ECF No. 43). The Court also ruled on the County's motion to dismiss. (*See* ECF No. 34). Thus, the Court **DENIES** Plaintiffs' Petition as being moot.

## VI. MOTION TO REFER MATTER [ECF No. 33]

Plaintiffs move the Court to "refer the matter to the San Diego County District Attorney's Office for criminal prosecution and to the United States Department for Justice for investigation and potential enforcement action." (ECF No. 33, at 2). Plaintiffs argue that the Court has "inherent authority" to take such an action under 28 U.S.C. § 1651 and 34 U.S.C. § 12601. However, "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). The Court cannot direct either the San Diego County District Attorney's Office or the United States Department for Justice to open an investigation or prosecute cases. Accordingly, this motion is **DENIED**.

## VII. CONCLUSION

The Court hereby **ORDERS** as follows:

(1) Plaintiffs' request for a status conference is **DENIED** (ECF No. 29);

---

[2] In the same filing, Plaintiffs also move to preserve evidence. This motion will be addressed in a separate order.

[3] In the same filing, Plaintiffs also request a writ of mandamus to compel "the State of California to release the sealed search warrant issued by Judge Kathleen M. Lewis on August 9, 2022." (ECF No. 32, at 2). This request will be addressed in a separate order.

(2) Plaintiffs' motion for entry of default and default judgment is **DENIED** (ECF No. 29);

(3) Plaintiffs' motion to compel Defendants' response to the Complaint and motion for sanctions are **DENIED** (ECF No. 30);

(4) Plaintiffs' motion for recusal or disqualification of Chief Judge Bashant is **DENIED** as moot (ECF No. 31);

(5) Plaintiffs' petition for writ of mandamus is **DENIED** (ECF No. 32); and

(6) Plaintiffs' motion to refer this matter to the San Diego County District Attorney's Office and the United States Department of Justice is **DENIED** (ECF No. 33).

The Court further **ORDERS** the parties to limit each filing to one motion.

Dated: December 3, 2025

Hon. Dana M. Sabraw
United States District Judge