# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA



MARIAN ANTHONY, JASMINE JOHANESEN,

Plaintiffs,

v.

COUNTY OF SAN DIEGO, *et al.*,

Defendants.

Case No.:  25-cv-00310-DMS-MMP

**ORDER:**

**(1) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION;**

**(2) DENYING PLAINTIFFS' REQUEST FOR LEAVE TO AMEND;**

**(3) DECLINING TO RULE ON PLAINTIFFS' REQUEST FOR EARLY DISCOVERY; and**

**(4) DENYING PLAINTIFFS' REQUEST FOR RESCUAL**

**[ECF No. 36]**

Pending now is Plaintiffs' motion for reconsideration of the Court's Order granting Defendant County of San Diego's ("County") motion to dismiss and granting in part and denying in part the County's motion to strike ("MTD Order").  (Mot., ECF No. 36-1.) Plaintiffs also request leave to amend their Complaint, an Order for early discovery, and the recusal of the undersigned.  The matter is suitable for resolution without oral argument

1

pursuant to Civil Local Rule 7.1(d)(1).  For the following reasons, the Court denies Plaintiffs' motion for reconsideration, request for leave to amend, and request for recusal, and declines to rule on Plaintiffs' request for early discovery.

## I.    MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1]  However, a motion for reconsideration may be construed as a motion to amend judgment under Federal Rule of Civil Procedure 59(e).  *See In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "Motions for reconsideration should be granted only in rare circumstances."  *Smith v. Shartle*, No. CV-18-00323, 2019 WL 5653444, at *2 (D. Ariz. Oct. 31, 2019) (citation omitted).

Here, Plaintiffs argue that the MTD Order contains "manifest errors of law and fact," including a "disregard for pro se special solitude," an "improper application of pleading standards," a "failure to recognize equitable estoppel and tolling," and a "denial of early discovery essential to cure pleading deficiencies." (Mot. 2.)  The Court is not persuaded by these arguments.  First, while "pro se pleadings may be held to a less stringent standard than those prepared by attorneys, a pro se litigant must still abide by the rules of the court in which [they] litigate[]."  *Vahidallah v. Chase Bank*, No. 13cv590, 2013 WL 3777181, at *1 (S.D. Cal. July 16, 2013) (citation omitted).  Next, the Court considered and determined in its MTD Order, that Plaintiffs' Complaint failed to allege facts establishing equitable estoppel, tolling, or other exceptions to the statute of limitations.  (*See* MTD

---

[1] Local Rule 7.1(i) does permit motions for reconsideration.  S.D. Cal. Civ. R. 7.1(i).  Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part."  *Id.*

Order, ECF No. 34, at 8, 12.)  While Plaintiffs' motion presents new facts to establish equitable estoppel or tolling, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Smith*, 2019 WL 5653444, at \*2 (citation omitted).

Plaintiffs also claim the Court denied Plaintiffs request for early discovery "essential to cure pleading deficiencies."  However, Plaintiffs request for early discovery was not raised—and therefore could not be considered—in *the County's* motion to dismiss. Second, early discovery is not needed to cure the deficiencies described in the MTD Order. For example, Plaintiffs' Complaint lacked sufficient facts showing an exception to the statute of limitations—facts that Plaintiffs are aware of and raise in their argument for reconsideration. (*See* MTD Order 8, 12.)  Additionally, the Complaint failed to make clear the "causes of action each Plaintiff alleges." (*Id.* at 10.)  Plaintiffs also repeatedly argue that the Court ignored "special facts" and "pled facts."  However, Plaintiffs' facts raised in the motion for reconsideration but not pled in the Complaint are not an appropriate basis to grant the motion. *See Smith*, 2019 WL 5653444, at \*2 (citation omitted).  "Nor may a motion for reconsideration repeat any argument previously made . . . in opposition to a motion." *Id.* (citation omitted).  Further, a motion for reconsideration need not be granted if it asks the district court merely "'to rethink what the court had already thought through – rightly or wrongly.'" *Id.* (citations omitted).

Lastly, Plaintiffs take issue that the Court struck allegations pertaining to punitive damages and injunctive relief.  (Mot. 23.)  However, the Court did not strike allegations related to punitive damages.  (*See id.* at 15.)  The Court struck allegations related to injunctive relief, because the Complaint "does not allege Plaintiffs face real or immediate threat of such harm"—a requirement to have standing for injunctive relief.  For these reasons, the Court **DENIES** Plaintiffs' motion for reconsideration.

## II.      REQUEST FOR LEAVE TO AMEND

Plaintiffs seek leave to amend their Complaint.  (*Id.* at 1.)  The Court provided Plaintiffs leave to amend most of their Complaint in the MTD Order.  (MTD Order 15.)

3

The Court also granted Plaintiffs' ex parte motion for extension of time to file their First Amended Complaint.  (ECF No. 51.)  In light of the Court's previous rulings, Plaintiffs' request for leave to file an amended complaint is **DENIED as moot**.

### III.  REQUEST FOR EARLY DISCOVERY

Plaintiffs request an Order for "early discovery to identify Doe defendants."  (Mot. 1.)  Plaintiffs separately moved for limited scope early discovery.  (*See* ECF No. 37.)  That motion has been referred to the assigned magistrate judge and is pending resolution.  Thus, the Court **DECLINES to rule on** this request at this time.

### IV.  REQUEST FOR RECUSAL

Plaintiffs request the undersigned recuse himself because the "[r]ulings favor state despite evidence, suggesting bias."  (Mot. 24.)  The standard for recusal of a judge is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). A judge's previous adverse ruling alone is not sufficient for recusal.  *Nelson*, 718 F.2d at 321.  Because Plaintiffs offer no factual basis and cite no evidence of judicial bias or disqualification, this Court finds recusal is not warranted.

### V.  CONCLUSION

For the foregoing reasons, the Court: (1) **DENIES** Plaintiffs' motion for reconsideration; (2) **GRANTS** Plaintiffs' request for leave to amend; (3) **DECLINES to rule on** Plaintiffs' request for early discovery at this time; and (4) **DENIES** Plaintiffs' request for the recusal of the undersigned.

**IT IS SO ORDERED.**

Dated: January 20, 2026

Hon. Dana M. Sabraw
United States District Judge

25-cv-00310-DMS-MMP