**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIAN ANTHONY, JASMINE JOHANESEN, | Case No.: 25-cv-00310-DMS-MMP |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF DECEMBER 3, 2025 ORDERS** |
| v. | |
| COUNTY OF SAN DIEGO, *et al.*, | **[ECF No. 46]** |
| Defendants. | |

The Court entered two Orders on December 3, 2025 ("December 3 Orders"). (*See* ECF Nos. 43, 44.) Plaintiffs now object to the Orders under Federal Rule of Civil Procedure 72(a). (*See* Mot., ECF No. 46.) In an abundance of caution, the Court construes Plaintiffs' "objections" as a motion for reconsideration under Rules 72(a) and 59(e).[1]

Under Rule 72(a), a district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

---

[1] It appears Plaintiffs challenge only some of the rulings in the December 3 Orders. (*See* Mot. 2.) In an abundance of caution, the Court construes Plaintiffs' motion for reconsideration of all rulings across both Orders. Plaintiffs also erroneously request reconsideration of rulings not at issue in these Orders (for example, "recusal of Judge Dana M. Sabraw" and "reconsideration of the October 8, 2025 Order"). (*Id.*) Further, the Court already considered and denied Plaintiffs' motion for recusal of the undersigned and motion to reconsider the Court's Order entered on October 8, 2025. (*See* ECF No. 52.)

1

Here, the December 3 Orders were entered by the undersigned—a district court judge. Rule 72(a) does not provide for review of a district judge's ruling. Thus, this argument is procedurally improper.

A motion for reconsideration may be construed as a motion to amend judgment under Federal Rule of Civil Procedure 59(e).[2] *See In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Motions for reconsideration should be granted only in rare circumstances." *Smith v. Shartle*, No. CV-18-00323, 2019 WL 5653444, at *2 (D. Ariz. Oct. 31, 2019) (citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (citation omitted). "Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion." *Id.* (citation omitted). Here, Plaintiffs repeat many of the same arguments already raised in their previous motions, contending the Court overlooked or disregarded Plaintiffs' evidence. Not so. Rather, the Court considered these arguments when entering the December 3 Orders, but found none to be persuasive. A motion for reconsideration need not be granted if it asks the district court merely "'to rethink what the court had already thought through – rightly or wrongly.'" *Id.* (citations omitted). Further, Plaintiffs raise no additional, compelling reasons why the Court should amend its December 3 Orders.

Thus, for the foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration of the December 3 Orders. Plaintiffs also request leave to amend their

---

[2] Local Rule 7.1(i) permits motions for reconsideration. S.D. Cal. Civ. R. 7.1(i). Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." *Id.*

25-cv-00310-DMS-MMP

Complaint and early discovery.  (Mot., Prayer for Relief.)  The Court has previously ruled on these requests, (ECF No. 52), and therefore **DENIES** both requests **as moot**.

**IT IS SO ORDERED.**

Dated: January 20, 2026

Hon. Dana M. Sabraw
United States District Judge

25-cv-00310-DMS-MMP