UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARIAN ANTHONY, JASMINE JOHANESEN, | Case No.:  25-cv-310-DMS-MMP |
|---|---|
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE:** |
| v. | |
| COUNTY OF SAN DIEGO, et al., | **1. PLAINTIFFS' MOTION FOR LIMITED SCOPE EARLY DISCOVERY; and** |
| Defendants. | **2. PLAINTIFFS' MOTION TO COMPEL RELEASE OF UNREDACTED BODY-WORN CAMERA FOOTAGE, VIDEO, AND AUDIO** |
| | [ECF Nos. 37, 38] |

Pending before the Court are pro se Plaintiffs' (1) Motion for Limited Scope Early Discovery and (2) Motion to Compel Release of Unredacted Body-Worn Camera Footage, Video, and Audio. ECF Nos. 37, 38. Defendants filed oppositions, to which Plaintiffs replied. ECF Nos. 48, 49, 50. The Court finds these motions suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procure 78(b) and Civil Local Rule 7.1(d)(1). ECF No. 42.

## I.     BACKGROUND

The Court previously set forth Plaintiffs' allegations in the Complaint in its October 8, 2025 Order, which this Court incorporates by reference herein. ECF No. 34 at 2–4.

In the pending motions, Plaintiff seeks to compel early discovery pursuant to Federal Rule of Civil Procedure ("Rule") 26(d)(1) consisting of (1) "names, ranks, badge numbers, and images of all officers involved in the August 5-16 2022 incidents" and (2) "release of unredacted body-worn camera footage, video, and audio." ECF Nos. 37 at 2, 38 at 2. Plaintiffs also move to "compel the San Diego County District Attorney's office to participate and release the affidavits or oath of affirmation supporting the sealed search warrant [No: 2208090324-SDSD-KML-SW-1] issued by Judge Kathleen Lewis on August 9, 2022, at 3:29:48 AM including an order unsealing the warrant, under 28 U.S.C. § 1651 (All Writs Act) and the Court's inherent authority." ECF No. 38 at 2. According to Plaintiffs, the discovery sought is "essential to cure pleading deficiencies identified in the Court's October 8, 2025 Order, identify John Does defendants, and allow amendment [of the Complaint] with specificity." ECF No. 37 at 2. Plaintiffs assert "limited discovery of officer lists" would enable "matching identity to footage, curing the Order's specificity issues without burden." ECF No. 37 at 2–3. Plaintiffs also contend the request for a list is narrow, therefore causing no prejudice or delay. *Id.* at 4.

Defendants oppose the motions on the ground Plaintiff has failed to show good cause because "Plaintiff has not alleged a viable claim against any Doe necessitating early discovery[,]" and Plaintiff's requests are overbroad. ECF No. 49 at 2. Defendants contend the Court's October 8, 2025 Order already dismissed Plaintiffs' complaint on grounds independent from the identity of the potential defendant; thus, Defendants maintain "[t]he discovery sought would not . . . cure any of the deficiencies in the complaint articulated by this Court." ECF No. 49 at 3. In addition, Defendants argue Plaintiffs' motion to compel body-worn camera footage is pre-mature, not based in good cause, and would be overly broad and unduly burdensome on Defendants. ECF No. 48 at 2. Defendants argue "[e]arly discovery would not aid Plaintiff in fixing the defects in his complaint and as such it is unnecessary at this time." *Id.* According to Defendants,"[e]ven if the requested discovery were to be provided, it would not aid Plaintiff in amending his complaint to cure

deficiencies noted by this Court such as failure to state a claim, statute of limitations, or non-compliance with CGCA [California Government Claims Act]." ECF No. 49 at 4.

## II.   LEGAL STANDARD

As both parties acknowledge, discovery is generally not permitted until after the parties have conferred pursuant to Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1). In the context of early discovery, courts apply a "good cause" standard to determine whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (citation modified). The Court weighs the following non-exclusive factors in considering whether expedited discovery is appropriate: "(1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendants to comply with the requests, and (5) how far in advance of the typical discovery process the request was made." *Id.* at 1067 (citation modified).

When considering whether to permit early discovery of the identity of a Doe defendant, the Court considers: (1) whether the plaintiff has identified the missing party with "sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court[,]" (2) the steps a plaintiff has taken to identify or locate the defendant, (3) whether the "plaintiff's suit against the defendant could withstand a motion to dismiss," and (4) whether the requested discovery is likely to lead to identifying information about the defendant that will permit service. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999). These factors should be assessed in light of the Ninth Circuit's admonition in *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980): "[S]ituations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or *that the complaint would be dismissed on other grounds*. (citation omitted)" *Id.* (emphasis added).

3

## III.    ANALYSIS

The Court finds Plaintiffs have not established good cause at this time for early discovery. As both parties acknowledge in their briefing, in its October 8, 2025 Order, the Court already found Plaintiffs' Complaint does not withstand a motion to dismiss. ECF No. 34. In particular, the Court identified numerous deficiencies and ordered as follows:

- The Court granted the County's motion to dismiss the eight claims alleged as Plaintiffs' "Thirteenth, Fourteenth, and Fifteenth" causes of action and dismissed the claims with prejudice finding "any attempt to amend would be futile[.]" ECF No. 34 at 6.

- The Court found Plaintiff's state law claims (First through Fifth and Ninth through Eleventh causes of action) failed to allege compliance with the CGCA, and Plaintiffs failed to allege facts establishing equitable estoppel, in particular "Plaintiffs detrimentally relied on or were misled by the County's actions." ECF No. 34 at 8. The Court therefore granted the County's motion to dismiss with leave to amend to alleged facts that establish equitable estoppel. *Id.*

- The Court also dismissed the Complaint under Rule 8(a)(2) with leave to amend based on Plaintiffs' (1) failure to specify relevant factual allegations for each cause of action, (2) failure to differentiate the allegations and causes of action against all Defendants, and (3) failure to differentiate multiple Plaintiffs and in particular "which, if any, claim relates to [Plaintiff] Johanesen." ECF No. 34 at 8–10.

- The Court also found Plaintiffs' remaining claims, except for the Ralph Civil Rights Act claim, were barred by the statute of limitations, and any exception to the statute of limitations was insufficiently plead. ECF No. 34 at 11–12. Accordingly, the Court granted the County's motion with leave to amend on these grounds. *Id.*

- The Court found Plaintiffs failed to state a cause of action, including assault, battery, false arrest, false imprisonment, violation of the Ralph Civil Rights Act claim, violation of the Bane Civil Rights Act, negligence, and violations of §§ 1983, 1985, and 1986, noting each cause of action incorporates all preceding paragraphs making

"it difficult to discern the basis of Plaintiffs' claims[,]" and "[m]any allegations were vague, broad, and conclusory." ECF No. 34 at 12–13.

- The Court also declined to rule on qualified immunity and whether the County was erroneously sued through the SDSO given the pleading insufficiencies described earlier in the Order. ECF No. 34 at 13.

- Finally, the Court dismissed the Doe Defendants without prejudice, explaining "Plaintiffs do not allege how these unknown Defendants are connected to any wrongdoing." ECF No. 34 at 14.

Given the numerous pleading insufficiencies identified in the Court's October 8, 2025 Order, the Court finds the factor of "whether [the] plaintiff's suit against the defendant could withstand a motion to dismiss" weighs very strongly against permitting early discovery. Moreover, the Court agrees with Defendants that given the pervasive nature of Plaintiffs' pleading deficiencies—including but not limited to failure to differentiate between Plaintiffs as well as failure to allege an applicable exception to the statute of limitations—neither the "names, ranks, badge numbers, and images of all officers involved in the August 5–16, 2022 incidents" nor the "unredacted body-worn camera footage" sought in Plaintiffs' motions, without more, would enable Plaintiffs to cure the deficiencies identified. As the Court's October 8, 2025 Order makes clear, the deficiencies are not simply a case of identifying an unknown defendant by name. To the contrary, the Court also dismissed Plaintiffs' Complaint on other grounds. *See Gillespie*, 629 F.2d at 642. The remaining factors regarding whether to permit early discovery of the identify of a Doe Defendant also do not weigh in favor of permitting early discovery.

In addition, Plaintiffs' vague, broad, and conclusory pleadings make the requested discovery overly broad and not proportional to the needs of the case at this time. *See* Fed. R. Civ. P. 26(b)(1). According to Plaintiffs, the body-worn camera footage they seek would require "Hundreds of hours" to review. ECF No. 38 at 3. Further, as the Court observed in the October 8, 2025 Order, "[a]lthough Anthony alleges the conduct spanned between August 5 and 16, 2022, he does not allege specific acts against Defendants on any days

other than August 8 and 9, 2022." ECF No. 34 at 2. Plaintiffs also do not allege specific acts, dates, or even causes of action regarding Plaintiff Johanesen. *See* ECF No. 1-2 ¶ 2; ECF No. 34 at 10. Thus, Plaintiffs' request for the "names, ranks, badge numbers, and images of all officers involved in the August 5–16, 2022 incidents" is likewise overly broad, burdensome, and not proportional at this time, without further factual allegations and specificity.

Based on the record before this Court, Plaintiffs have not established the burden or expense of the proposed discovery outweighs its likely benefit, particularly at this early stage when the Court has already granted a motion to dismiss the operative pleading, and no amended pleading has yet been filed. Thus, the factors of "the breadth of the discovery requests" as well as "the burden on the defendants to comply with the requests" weigh against a finding of good cause. In addition, there is also no preliminary injunction pending. The other factors of "the purpose for requesting the expedited discovery" and "how far in advance of the typical discovery process the request was made" do not weigh strongly in favor or against permitting early discovery and therefore are neutral.

## IV.   CONCLUSION

In sum, upon weighing the numerous factors identified above and considering the standard for discovery under Rule 26, the Court finds Plaintiffs have not established good cause to permit early discovery at this time. Accordingly, the Court **DENIES without prejudice** Plaintiffs' motions. ECF Nos. 37, 38. In the event Plaintiffs file an amended pleading to cure the numerous deficiencies identified in the Court's October 8, 2025 Order, Plaintiffs may file a renewed motion seeking narrowly tailored and proportional early discovery as necessary and appropriate.

**IT IS SO ORDERED**.

Dated:  January 26, 2026

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge

25-cv-310-DMS-MMP