# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARIAN ANTHONY, JASMINE JOHANESEN,

Plaintiffs,

v.

COUNTY OF SAN DIEGO, *et al.*,

Defendants.

Case No.:  25-cv-00310-DMS-MMP

**ORDER DENYING PLAINTIFFS' MOTION TO AMEND JUDGMENT; DENYING PLAINTIFFS' MISCELLANEOUS REQUESTS**

**[ECF No. 57]**

Before the Court is Plaintiffs' motion to amend judgment under Federal Rule of Civil Procedure 59(e). (Mot., ECF No. 57.) Specifically, Plaintiffs move to amend "the Court's recent order denying recusal and other relief." (*Id.* at 2.)

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiffs argue amendment of judgment is warranted "based on the newly discovered evidence from body-worn camera . . . transcripts." (Mot. 2.) Plaintiffs reference the Order "denying recusal and other relief," (*id.*), but do not otherwise specify which Order they are challenging.

1

Indeed, this Court and the Magistrate Court recently entered several Orders on a multitude of Plaintiffs' motions and requests.  (*See* ECF Nos. 52–54.)

As to the Order denying recusal of the undersigned judge, Plaintiffs fail to explain why body-worn camera transcripts warrant reconsideration.  Thus, the "newly discovered evidence" is not a sufficient basis to amend judgment.  Plaintiffs also incorrectly argue that a third-party arbiter was required to decide the motion for recusal.  (*See* Mot. 3.)  "A challenged judge is not required to refer the motion to another judge under [28 U.S.C. § 144], if the motion and supporting affidavit are legally insufficient to establish grounds for recusal," *Abera v. San Diego PacificVu LLC*, No. 25-CV-01488-RBM-DEB, 2026 WL 280082, at *3 (S.D. Cal. Feb. 3, 2026) (citation modified), and Plaintiffs' argument for recusal was insufficient.  (*See* ECF No. 52, at 4.)  Additionally, Plaintiffs fail to explain why the body-worn camera transcripts warrant reconsideration of any other previous Orders or why reconsideration is otherwise justified.  Accordingly, the Court **DENIES** Plaintiffs' motion to amend judgment.

The Court also **DENIES** Plaintiffs' miscellaneous requests contained in the filing.  First, Plaintiffs request a stay of these proceedings because they are "inclined to appeal the denial of injunctive relief."  (Mot. 3.)  The Court will determine whether a stay is warranted if Plaintiffs file an appeal; at this juncture, the request is denied.  Next, Plaintiffs ask for an in-camera review of the "newly discovered evidence," but provide no legal basis for this request.  (*Id.* at 4.)  The Court also finds in-camera review is unnecessary at this time.  Lastly, Plaintiffs  request leave to amend.  (*Id.*)  The Court granted Plaintiffs leave to amend, (*see* ECF Nos. 65, 66), and they have filed a Second Amended Complaint, (*see* ECF No. 70).  Thus, this request is denied as moot.

**IT IS SO ORDERED.**

Dated: April 9, 2026

_____
Hon. Dana M. Sabraw
United States District Judge